**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

---

| | |
|---|---|
| **BENILIK A. MENELIK,**<br><br>   *Plaintiff,*<br><br>**v.**<br><br>**RACETRAC, INC., and U-HAUL, INC.,**<br><br>   *Defendants.* | **CIVIL ACTION NO.<br>3:25-cv-00197-TES** |

**ORDER**

---

Along with full payment of the filing fee, pro se Plaintiff Benilik A. Menelik filed his Complaint [Doc. 1] against the above-captioned businesses on December 15, 2025. [Doc. 1, p. 1 (filed "12/15/25")]. The Federal Rules of Civil Procedure state that a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires plaintiffs to serve those copies within 90 days after filing a complaint. Fed. R. Civ. P. 4(m).

### A.    Plaintiff's Motion for Extension of Time and U.S. Marshal Service

Since Plaintiff filed his Complaint on December 15, 2025, he has until March 15, 2025, to comply with Rule 4(m)'s 90-day deadline by serving copies of the summons and Complaint on these businesses as proscribed by Rule 4(h). *See also* Fed. R. Civ. P. 4(e). Where a plaintiff fails to timely perfect service of process, a court on its own

initiative—after giving notice to the plaintiff (or upon a motion by a defendant)—must dismiss the action without prejudice with respect to the non-served defendant or extend the time for serving process. Fed. R. Civ. P. 4(m). With three days left until that deadline expires, Plaintiff filed a Motion for Extension of Time to Perfect Service [Doc. 6] seeking an additional 60 days so that the United States Marshals Service can serve his Complaint on his behalf. [Doc. 6, p. 16]. The Court **GRANTS** his Motion **in part**. Although the Court **DECLINES** to order a United States marshal or deputy United States marshal to serve Plaintiff's Complaint, it **EXTENDS** his service deadline by 30 days—until *April 13, 2026*.[1] As another option, Plaintiff may seek leave to proceed *in forma pauperis* ("IFP") as set out below.[2]

### B.      Federal Rule of Civil Procedure 4(c)(3)

Under Rule 4(c)(3), a plaintiff who is not proceeding IFP may, like all plaintiffs, ask the Court to order the United States Marshals Service to serve process. *Thomas v. Spivey*, No. 5:18-cv-8, 2019 WL 1928505, at *2 (S.D. Ga. Apr. 30, 2019) (citing Fed. R. Civ. P. 4(c)(3)). While the Court must order service by a United States marshal or deputy marshal for plaintiffs proceeding IFP, "[i]t is within [a] court's discretion whether to grant such requests" for those who—like Plaintiff—are not proceeding IFP. *Id.* (citing *Pruitt v. Langer Transp. Corp.*, No. 3:17-CV-570-WC, 2018 WL 3326847, at *1 (M.D. Ala.

---

[1] The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the Court's "Rule 4 Packet."

[2] The Clerk of Court is **FURTHER DIRECTED** to send Plaintiff a blank copy of the appropriate IFP form.

2

Jan. 23, 2018) (explaining "court appointment of a special process server [under Rule 4(c)(3)] is discretionary")).

At this time, the Court declines to order service pursuant to Rule 4(c)(3) because Plaintiff is not (yet) proceeding IFP and because personal service by a United States marshal or deputy marshal "is not inexpensive." *Ezzard v. Ajibade*, No. CV 314–141, 2015 WL 1880293, at *5 (S.D. Ga. Apr. 24, 2015). If Plaintiff wants to avail himself of service through Rule 4(c)(3), he should seek leave to proceed IFP since it appears he is indigent notwithstanding his previous payment of the filing fee. *See generally* [Doc. 6]. To obtain that leave, Plaintiff must fully complete and file a motion for leave to proceed IFP pursuant to 28 U.S.C. § 1915. For Plaintiff's convivence, the proper form is being sent to him along with this Order.

### C.    Plaintiff's Title VII and § 1981 Claims Against RaceTrac

The Court, however, provides Plaintiff with some cautionary notes should he seek (and be granted) leave to proceed IFP. First, the Court will not refund the filing paid to it on December 15, 2025. Second, the Court notes that if Plaintiff is permitted to proceed IFP, he should be aware that his claims under Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 against Defendant RaceTrac, Inc. (hereinafter "RaceTrac") are time-barred and will be subject to immediate dismissal once the Court grants IFP leave. 28 U.S.C. § 1915(e)(2)(B)(ii); [Doc. 1, p. 5]. When a plaintiff is permitted leave to proceed IFP, § 1915(e) requires courts to review

complaints and determine whether they are "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Plaintiff's Title VII and § 1981 claims against RaceTrac fall into the second category.

Plaintiff alleges that RaceTrac hired him as a store clerk in 2003, but he "resign[ed]" in 2005. [Doc. 1, pp. 2–3]. Title VII clearly states that a charge of discrimination "shall be filed" with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). In his Complaint, Plaintiff alleges he was constructively discharged "at the end of 2005," but he did not file his EEOC charge until September 6, 2024. [Doc. 1, p. 6]; [Doc. 3, p. 1]. Thus, any Title VII-based claim against RaceTrac for the allegations in his Complaint is time-barred and would be subject to dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

The same is true for Plaintiff's § 1981 claim against RaceTrac. The four-year statute of limitations for federal civil actions arising under an Act of Congress enacted after December 1, 1990, applies to any action brought under § 1981 which could not have been brought under § 1981 prior to its amendment in 1991 or thereafter. *See* 28 U.S.C. § 1658(a). Again, Plaintiff left RaceTrac "at the end of 2005," but he didn't commence this lawsuit until December 15, 2025. [Doc. 1, pp. 1 (filed "12/15/25"); 6]. Thus, Plaintiff's § 1981 claim against RaceTrac based on the allegations from his Complaint is also time-barred and would be subject to dismissal for failure to state a

4

claim pursuant to § 1915(e)(2)(B)(ii). If, however, Plaintiff <u>does not</u> seek leave to proceed IFP, the Court would not be statutorily authorized to dismiss his Title VII and § 1981 claims against RaceTrac under § 1915(e)(2)(B)(ii) for failure to state a claim. But, under that scenario, Plaintiff would be required to properly serve RaceTrac in accordance with Rule 4 by *April 13, 2026*. *See* Fed. R. Civ. P. 4(c), (e), (h), (m).

### D.      Plaintiff's Title VII and § 1981 Claims Against U-Haul

Plaintiff also asserts Title VII and § 1981 claims against U-Haul for "dismissing [his] job application" on April 28, 2024, because it allegedly knew about a discrimination lawsuit he filed against Exxon Mobil in 2003. [Doc. 1, pp. 3–5, 10–11]. Under Title VII's time limitations, Plaintiff had 180 days from April 28, 2024—until October 25, 2024—to file his EEOC charge, and based on his allegations, he timely filed it on September 6, 2024. 42 U.S.C. § 2000e-5(e)(1); [Doc. 1, p. 6]; [Doc. 3, p. 1]. Thus, Plaintiff's Title VII claim against U-Haul appears to be timely.

It also appears from Plaintiff's allegations that he commenced this lawsuit in time with respect to his § 1981 claim against U-Haul given the applicable four-year statute of limitations for such a claim. 28 U.S.C. § 1658(a). If Plaintiff seeks and is granted leave to proceed IFP, the Court will—as it must with his Title VII and § 1981 claims against RaceTrac—conduct a frivolity review of his Complaint pursuant to § 1915(e) with respect to his Title VII and § 1981 claims against U-Haul.

In the event Plaintiff <u>does not</u> seek leave to proceed IFP, he is still required to

properly serve U-Haul in accordance with Rule 4 by *April 13, 2026*. *See* Fed. R. Civ. P. 4(c), (e), (h), (m).

### E.    Conclusion

Should Plaintiff choose to seek leave to proceed IFP, he must do so by *April 13, 2026*. If there is no motion for leave to proceed IFP or no proof of service for RaceTrac and/or U-Haul filed on the record by April 16, 2026, the Court will sua sponte dismiss this action (with respect to the relevant defendant) under Rule 4(m) for failure to timely serve and Rule 41(b) for failure to prosecute. *See* Fed. R. Civ. P. 6(d) (requiring an additional three days for a deadline when a party receives service of certain documents under Rule 5(b)(2)(C) (mail)); Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action [sua sponte] under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 13th day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**